IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRADER'S HILL BOAT
HOLDINGS, LLC,

    Plaintiff,

v.

ACCELERANT SPECIALTY
INSURANCE COMPANY; CERTAIN
UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO
POLICY NO. CSRYP/215669,

    Defendants.

_____ /

Civil Action No. 1:25-cv-778

## **COMPLAINT**

COMES NOW Trader's Hill Boat Holdings, LLC ("**Trader's Hill**" or "**Plaintiff**"), by and through counsel, and hereby files this Complaint against Accelerant Specialty Insurance Company and Certain Underwriters at Lloyd's, London Subscribing to Policy No. CSRYP/215669 (jointly, "**Defendants**"), alleging as follows:

## **PARTIES**

1.    Trader's Hill is a Florida limited liability company, and its sole member is a resident citizen of Dothan, Alabama.

2.    Accelerant Specialty Insurance Company ("**Accelerant**") is an Arkansas corporation with its principal place of business in Georgia.

3.    Certain Underwriters at Lloyd's, London Subscribing to Policy No. CSRYP/215669 ("**Underwriters**") is a foreign insurance syndicate eligible to do business and

issue insurance policies in Florida and Alabama pursuant to Florida and Alabama surplus lines law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Trader's Hill's claim against Defendants occurred within this district. Additionally, venue is proper pursuant to the forum selection clause of the insurance policy at issue.

## FACTUAL BACKGROUND

6. Defendants issued policy number CSRYP/215669 (the "**Policy**") to Trader's Hill, effective July 15, 2022 through July 15, 2023, to insure the M/Y TRADER's HILL, a 105' Broward recreational fishing vessel bearing Hull Identification Number BWD00703G404 (the "**Insured Vessel**"), which was owned by Trader's Hill at all relevant times.

7. The Policy provides insurance coverage to Trader's Hill for property damage (hull coverage) and for liability to third parties (protection and indemnity coverage). Pursuant to the Policy, Defendants are obligated "to settle or defend all third party liability claims" made against Trader's Hill.

8. Trader's Hill paid all premiums owed under the Policy and otherwise performed all of its obligations under the Policy.

9. The Insured Vessel was moored at Point South Marina – Bay Point in Panama City Beach, Florida at all times relevant to this action.

10. On or about June 23, 2023, while being shifted from her slip in the marina to the fuel dock in the marina, the Insured Vessel made contact with the M/Y BAREFOOT DRIVE, a 2012 76' Viking sportfishing yacht (the "**Third-Party Vessel**"), which was near the Insured Vessel and within the same marina (the "**Incident**"). The Policy was in full force and effect at the time of the Incident.

11. On the same day of the Incident, Trader's Hill provided a notice of loss to Defendants and requested coverage under the Policy.

12. A month later, on or about July 23, 2023, Defendants submitted a letter to Trader's Hill "reserving their rights to extend or deny coverage until [their] investigation is completed."

13. Defendants never advised Trader's Hill as to their position following their submission of the reservation of rights letter, despite repeated requests.

14. In or about April, 2024, Steven Corbett ("**Corbett**"), the owner of the Third-Party Vessel, submitted a claim to Trader's Hill for alleged damages to the Third-Party Vessel, including a request to reimburse Corbett for alleged repairs to the Third-Party Vessel.

15. On or about April 9, 2024, counsel for Trader's Hill submitted a letter to Defendants requesting insurance coverage, defense, and indemnity pursuant to the Policy in response to Corbett's claim.

16. Counsel for Trader's Hill sent several various follow-up communications to Defendants between April 9, 2024 and September 23, 2025, requesting a response to its request for insurance coverage, defense and indemnity; however, Defendants failed to provide a response.

17. On September 4, 2025, Trader's Hill was served with a summons and complaint in a civil action styled *Steven W. Corbett v. Trader's Hill Boat Holdings, LLC*, Case No. 5:25-CV-131-AW-MJF, filed in the United States District Court for the Northern District of Florida, Panama

City Division, wherein Corbett seeks damages against Trader's Hill in relation to the Incident (the "**Lawsuit**").

18. Trader's Hill duly notified Defendants of the Lawsuit, submitted a copy of the Lawsuit to Defendants, and requested written confirmation that Defendants would provide insurance coverage, defend and indemnify Trader's Hill against the Lawsuit pursuant to the Policy.

19. To date, Defendants have failed and refused to provide insurance coverage or a defense to the lawsuit, and also have failed and refused to respond to Trader's Hill's numerous requests for coverage, defense, and indemnity.

20. Trader's Hill has incurred damages as a result of Defendants' failure and refusal to provide coverage under the Policy.

## COUNT I
### (Breach of Contract)

21. Trader's Hill adopts and incorporates by reference as if fully set forth herein the preceding paragraphs of its Complaint.

22. The claims asserted against Trader's Hill by Corbett fall within the scope of the Policy's coverage and/or suggest at least a reasonable possibility of being within the scope of the Policy's coverage. As such, Defendants had a duty to defend, indemnify and provide insurance coverage for Trader's Hill against such claims.

23. Trader's Hill provided timely notice of the claims asserted by Corbett, including but not limited to the Lawsuit, and expressed its intention to seek coverage from Defendants.

24. Defendants have breached the Policy by actually and constructively failing and refusing to provide insurance coverage, defend and indemnify Trader's Hill against the claims asserted by Corbett in the Lawsuit.

25. Trader's Hill has suffered damages and will continue to suffer damages in an amount to be proven at trial as a result of Defendants' breach of the Policy, including without limitation, damages, costs and expenses resulting from Defendants' failure to defend, indemnify, and/or resolve the claim.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in an amount to be proven at trial, plus interest, costs, and attorneys' fees.

## COUNT II
### (Bad Faith Denial of Claim)

26. Trader's Hill adopts and incorporates by reference as if fully set forth herein the preceding paragraphs of its Complaint.

27. Defendants' wrongful refusal or failure to provide insurance coverage, defend and indemnify Trader's Hill for the third-party claim asserted by Corbett constitutes a denial of the claim.

28. At the time of Defendants' wrongful refusal or failure, Defendants had no reasonably legitimate or arguable reason to refuse to resolve the claim under the Policy or otherwise provide defense and coverage under the Policy.

29. At all relevant times, Defendants had actual knowledge that there was no reasonably legitimate, arguable, or debatable reason to refuse to resolve the claim, or Defendants intentionally or recklessly failed to determine whether there was a legitimate or arguable reason to refuse coverage.

30. Defendants failed to promptly adjust and resolve a covered loss, and any investigation by Defendants was conducted in bad faith and with the goal of supplying a pretext to deny Trader's Hill's claim.

31. Defendants' conduct, including intentionally or recklessly failing to determine whether there was a lawful basis for denying Trader's Hill's claim, constituted a gross disregard of Trader's Hill's interests.

32. Trader's Hill has suffered damages as a result of Defendants' excessive delay and improper denial of coverage and, consequently, Defendants are liable for these damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be proven at trial, plus interest, costs, and attorneys' fees.

## JURY DEMAND

Plaintiff demands a trial by struck jury for all causes of action asserted in the Complaint.

Respectfully submitted,

**MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC**

*/s/Brian P. McCarthy*
BRIAN P. MCCARTHY (MCCAB7434)
FRANCISCO A. PECCI
11 North Water St., Suite 13290
Mobile, Alabama 36602
(251) 432-5300 (phone)
(251) 432-5303 (fax)
bmccarthy@mcdowellknight.com
fpecci@mcdowellknight.com
*Attorneys for Plaintiff*

**DEFENDANTS TO BE SERVED BY UNITED STATES POSTAL SERVICE CERTIFIED MAIL:[1]**

Charles T. Rubin, Esq.
Gallo Vitucci Klar LLP
90 Broad Street
Suite 1202
New York, NY 10004

---

[1] Pursuant to the Policy, Trader's Hill may serve process to Defendants "upon any senior partner in the firm of: Rubin, Fiorella, Friedman & Mercante LLP." However, such firm merged with Gallo Vitucci Klar LLP in 2023.